OPINION
On May 13, 1999, the Guernsey County Grand Jury indicted appellant, Kary Goffee, on six counts of theft in violation of R.C. 2913.02 and twelve counts of forgery in violation of R.C.2913.31. On June 29, 1999, appellant pled no contest to four of the theft counts and one of the forgery counts, all felonies of the fifth degree. By judgment entry filed same date, the trial court found appellant guilty and ordered a presentence investigation. By judgment entry of sentence filed August 6, 1999, the trial court sentenced appellant to a total prison term of thirty-four months and dismissed the remaining counts. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED WHEN IT FOUND THE DEFENDANT NOT SUITABLE FOR A COMMUNITY CONTROLLED SANCTION BASED ON A 1976 FEDERAL CONVICTION FOR INTERSTATE TRANSPORTATION OF FORGED SECURITIES WHICH WAS SUBSEQUENTLY EXPUNGED PURSUANT TO THE FEDERAL YOUTH CORRECTIONS ACT.
 II THE DEFENDANT WAS MATERIALLY PREJUDICED BY THE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN THAT TRIAL COUNSEL FAILED TO TIMELY OBJECT TO USE OF A FLAWED PRE-SENTENCE INVESTIGATION REPORT AND THAT TRIAL COUNSEL FAILED TO TIMELY FILE A NOTICE OF APPEAL ON THE DEFENDANT'S BEHALF.
 III THE TRIAL COURT ERRED WHEN IT FOUND THE DEFENDANT MORE LIKELY TO COMMIT FUTURE OFFENSES.
 IV THE TRIAL COURT LACKED JURISDICTION TO ORDER THE UNSEALING OF RECORDS OF SEALED RECORDS NOT WITHIN THE TERRITORIAL JURISDICTION OF THE TRIAL COURT.
 V THE TRIAL COURT'S USE OF AND RELIANCE ON A FLAWED AND INCOMPLETE PRE-SENTENCE INVESTIGATION REPORT WAS PLAIN ERROR AND MATERIALLY PREJUDICED THE APPELLANT; THE TRIAL COURT'S REFUSAL TO PERMIT THE APPELLANT A REASONABLE CONTINUANCE TO ENABLE APPELLANT TO REBUT THE PRE-SENTENCE INVESTIGATION FINDINGS WAS AN ABUSE OF DISCRETION AND MATERIALLY PREJUDICIAL.
 VI THE TRIAL COURT COMMITTED ERROR BY SENTENCING THE APPELLANT TO CONSECUTIVE SENTENCES WITHOUT PROPERLY MAKING FINDINGS OF FACT AND CONCLUSIONS OF LAW PURSUANT TO R.C. 2929.14(E)(3).
Appellant's six assignments of error challenge the trial court's decision that he was not suitable for community control sanction and the trial court's decision to sentence him to consecutive sentences. Appellant argues the trial court based its decision on an expunged 1976 federal conviction, his trial counsel failed to timely object to a flawed presentence investigation report, and the record did not reflect that recidivism was likely. Appellant also argues the trial court failed to make specific findings pursuant to R.C. 2929.14(E)(3). In addressing this appeal, we will discuss these issues individually.
 I, IV
PRIOR 1976 FEDERAL CONVICTION In these assignments of error, appellant claims the trial court unsealed federal criminal records contrary to the Federal Youth Corrections Act (Section 5005 et seq., Title 18, U.S.Code), and improperly considered the records in sentencing. In its August 6, 1999 judgment entry of sentence, the trial court specifically found that appellant had served a prior prison term and had a history of criminal convictions. During appellant's negotiated plea hearing, the trial court acknowledged that the 1976 federal conviction had been expunged: * * * Further, the Court has been advised that the presentence investigation will show that you do have prior convictions. A misdemeanor conviction in 1991 for passing bad checks in the state of New York and transportation of stolen securities which would have been a felony offense in 1976 for which you served three years of imprisonment, but I was advised that that conviction was expunged on your record in 1985. I do not know the effect of expungement of a federal conviction and how that is to be weighed by the Court in sentencing. I will review Ohio law and that will be a part of the presentence investigation report.
June 29, 1999 T. at 42-43.
The matter of the 1976 federal conviction was not unsealed by the trial court but was openly discussed at appellant's prearraignment bail, plea and sentencing hearings. May 3, 1999 T. at 17-18; June 29, 1999 T. at 43; August 6, 1999 T. at 67. Upon review, we conclude the trial court did not unseal the records. However, at sentencing, the trial court based its decision on appellant's eligibilty for community control sanction on the acknowledged expunged conviction: For felonies of the fifth degree the Court is first to determine if there are any one or more of eight factors present set forth in 2929.13(B)(1). Reviewing the presentence investigation report in this case the Court finds that one of those factors are present making this case prison eligible, that is, the defendant has previously served a prison term having been convicted and sentenced to prison in October 22, 1975, convicted — that was the date of the offense; February 6, 1976, he was convicted, placed on three years of probation, that was federal probation. Then on November 10, 1977, his probation was revoked and his sentence was imposed and he served his sentence at the federal correctional institution at Milan, Michigan.
August 6, 1999 T. at 72.
Upon review, we conclude it was error to consider this factor in sentencing even though we note that without the trial court's statement that the record had been expunged, we could not have reached this conclusion because the presentence investigation report was not included in the record sub judice. Assignment of Error I is granted. Assignment of Error IV is denied.
 II, V
PRESENTENCE INVESTIGATION REPORT Appellant claims his trial counsel was ineffective by not objecting to the "flawed" presentence investigation report. Appellant also argues the trial court abused its discretion in refusing to grant a continuance to enable appellant to rebut the flawed report. We disagree. The standard this issue must be measured against is set out in State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following: 2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984],466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.
Furthermore, the grant or denial of a continuance rests in the trial court's sound discretion. State v. Unger (1981), 67 Ohio St.2d 65
. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. The presentence investigation report was never preserved for our review and therefore we cannot presume that it was flawed. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197. The trial court made considerable efforts to investigate the crimes listed in the presentence investigation report but was unable to determine the dispositions of the cases. August 6, 1999 T. at 75-76. Appellant attempted to explain to the trial court the course of the other crimes in his record. Id. at 76-77. After a confusing dialogue between appellant and the trial court, defense counsel requested time to review the prior criminal charges. Id. at 83. The trial court granted the request for delay. Id. at 85. Upon reconvening the hearing, defense counsel presented the chronology of the prior criminal cases and explained that one misdemeanor case remained pending in New York since 1994. Id. at 87-88. Appellant was given an opportunity to further explain but he did not. Id. at 88. We find no abuse of discretion by the trial court in granting the continuance for a short duration because defense counsel was able to clear up the confusion. We also find no deficiency by defense counsel. Assignments of Error II and V are denied.
 III
RECIDIVISM Appellant claims the record does not substantiate the finding that he is likely to commit offenses in the future. We disagree. It is plainfully clear even from the very confusing record that appellant is prone to writing bad checks and has done it as a pattern of activity from 1990 on. August 6, 1999 T. at 74-84, 87-88. Further, appellant's reason for defrauding others was because he had no money and the answer was to write bad checks and steal. Id. at 69-70. Upon review, we find the trial court did not err in finding recidivism was likely. Assignment of Error III is denied.
 VI
FINDING OF FACTS AND CONCLUSIONS OF LAW Appellant claims the trial court did not make findings of fact and conclusions of law as required by R.C. 2929.14(E)(3). We disagree. R.C. 2929.14 governs prison terms. Subsection (E)(4) states as follows: (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Upon review, we find the trial court specifically found subsections (E)(4)(b) and (c) at the sentencing hearing (August 6, 1999 T. at 73, 90) and in the judgment entry of sentence filed August 6, 1999:4. As to Count 11, pursuant to Revised Code section 2929.14(C), the Court finds that Defendant has committed the worst form of the offense, due to this victim's age and psychological harm caused.
5. As to Count 11, pursuant to Ohio Revised Code Section2929.14(E), the Court finds
A. That consecutive sentences are necessary to protect the public from future crime, to punish the Defendant and are not disproportionate to the seriousness of the Defendant's conduct and the danger the Defendant poses to the public; and
B. The Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant. Assignment of Error VI is denied. Based upon our decision in Assignment of Error I, we must now review the sentencing order on the issue of presumption of community control sanction for felonies of the fifth degree without the prior 1976 federal conviction. The record does not establish any of the threshold requirements of R.C.2929.13(B)(1)(a-h). Therefore, it was incumbent on the trial court to determine if appellant met the requirements of R.C. 2929.12
consistent with the sentencing presumptions of R.C. 2929.11. In the trial court's judgment entry of sentence and at hearing, the trial court determined that recidivism was likely [R.C. 2929.12(D) and (E)], classified the offense as to seriousness [R.C.2929.12(B)(6)] and found no factors mitigating against the seriousness of the offense. We therefore conclude, based upon an analysis of the record and sentence without the prior 1976 conviction, that the trial court did not err in denying community control sanction and sentencing appellant to consecutive sentences. Further, the original plea recommendation was not for community control sanction but for a two year term. June 29, 1999 T. at 41-42. The judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby affirmed.
Farmer, P.J. Wise, J. and Reader, V.J. concur.